UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HALLMARK,

                              Plaintiff,

v.                                                          Civil Action No. _____

ADVANCED CREDIT RECOVERY, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Michael Hallmark is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Advanced Credit Recovery, Inc., (hereinafter "ACRI") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt pursuant to a payday loan. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by the current creditor to collect on the subject debt.

13. That in or about December 24, 2009, Defendant, by the way of an automated call, contacted Plaintiff at work. After receiving the afore-mentioned automated phone call, Plaintiff called the Defendant and spoke to a live person. In the subject conversation Defendant stated that he collects from people who have passed bad checks, and that he was officer and investigator "Hughes". Defendant then said "as a Defendant do you want to pay this voluntarily today?" Defendant then told Plaintiff that he was a felon because he had passed bad checks in NY; that the transaction has crossed state lines; that it may have other considerations; and that criminal action could be taken for writing bad checks. Defendant informed Plaintiff that he worked with criminals all day and that payment was needed immediately and would not be taken through the mail as the attorneys in his office mandate such a policy. Plaintiff asked if he could pay over a website and Defendant replied no because the payment was needed immediately and would only be taken over the phone. Plaintiff refused to make payment over the phone and the conversation was terminated by Defendant. Client called Defendant back and again spoke with Defendant representative investigator "Hughes". Defendant again told Plaintiff that he committed a "class E" felony because the transaction crossed state lines. Plaintiff told Defendant that he would call back Monday to attempt to resolve the situation. Defendant again called Plaintiff a "Defendant" and said, as "Defendant" you are agreeing to call me back Monday to resolve this issue. Thereafter the conversation was terminated.

14. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence or had commenced legal/adverse actions against Plaintiff or his property and such actions would continue unless Plaintiff submitted to Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant.

15. That on or about December 30, 2009, Defendant attempted to contact Plaintiff on his cell phone and left a voicemail when Plaintiff didn't answer. In the subject message Defendant failed to give Plaintiff the required mini-Miranda warning but did state the following:

    A. "I've been placed in charge of finalizing case number 466837, it's been entered in with your name and a direct refusal,"
    B. "This is a courtesy call if you'd like to voluntarily handle the matter contact this department immediately,"
    C. "Michael this is investigator Hughes, I spoke with you on the 23, you were suppose to contact me on Monday, to put the 25% down,"
    D. "This is in reference to a pending criminal matter, good luck on this."

16. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence or had commenced legal/adverse actions against Plaintiff or his property unless he submitted to Defendant's demands, including calling back before the deadlines arbitrarily set by Defendant. That Plaintiff had not been authorized to take such legal action nor did they intend to take such action.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d by calling Plaintiff a felon and saying he committed a "class E felony". The natural consequence of said action was to harass, oppress, and abuse the Plaintiff.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) by stating that Plaintiff was a defendant in a criminal matter. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence or had commenced legal/adverse actions against Plaintiff or his property unless he submitted to Defendant's demands. Defendant had neither the legal authority nor the intent to take said action and as such was a false, deceptive, and misleading representation in connection with the collection of the subject debt.

    C. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(1) by stating that Defendant representative was "investigator Hughes". That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant was a police officer with the State. Defendant is in fact not an investigator with the state such representations are false, deceptive, and misleading in an attempt to collect the subject debt.

    D. Defendant violated 15 U.S.C. §1692e(11) by contacting Plaintiff and failing to Plaintiff the required mini-Miranda warning the message was from a debt collector attempting to collect a debt.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 2, 2010

    /s/ Seth Andrews_____
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         sandrews@kennethhiller.com